# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1462V
Filed: October 19, 2017
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BETSY REDFERN, * | |
| * | |
| * | |
| Petitioner, * | Motion for reconsideration denied |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On September 22, 2017, the undersigned issued a decision denying petitioner's motion for attorneys' fees and costs ("Fee Decision"). The undersigned found that petitioner's counsel had ample time to review petitioner's medical records and discover that petitioner did not have a reasonable basis to bring a vaccine claim.

On October 11, 2017, petitioner filed a Motion for Reconsideration of the undersigned's Fee Decision. Petitioner argues that the undersigned should reconsider her Fee Decision because she did not evaluate petitioner's motion for attorneys' fees and costs based on the totality of the circumstances and petitioner had a reasonable basis to file the claim. Mot. at 2-5.

Respondent filed a response to petitioner's motion for reconsideration on October 18, 2017. Respondent argues "as repeatedly observed by the Special Master, petitioner's claim of a shoulder injury *related to vaccine administration* is contradicted by the histories and findings in her contemporaneous medical records – a fact which underscores any reasonable basis for the claim and which should have been abundantly clear to counsel in performing due diligence prior to filing the petition." Resp. at 2 (emphasis in original).

This matter is now ripe for adjudication.

---

[1] Because this unpublished Order contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished Order on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## I. Legal Standard

A party seeking reconsideration must "support the motion by a showing of extraordinary circumstances which justify relief." Fru-Con Constr. Corp v. United States, 44 Fed. Cl. 298, 300 (Fed. Cl. 1999). A motion for reconsideration must be based upon a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." Prati v. United States, 82 Fed. Cl. 373, 376 (Fed. Cl. 2008). Specifically, "the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews v. United States, 73 Fed. Cl. 524, 526 (Fed. Cl. 2006). Where a party seeks reconsideration on the ground of manifest injustice, the party must be mindful that "[m]anifest" means "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (Fed. Cl. 2002). Accordingly, a party cannot prevail on the ground of manifest injustice unless the party demonstrates that the asserted injustice is "apparent to the point of being almost indisputable." Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (Fed. Cl. 2006).

A motion for reconsideration will not be granted if the movant "merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court." Ammex, 52 Fed. Cl. at 557. Nor will a motion for reconsideration be granted if it is "based on evidence that was readily available at the time" the matter was being decided. Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (Fed. Cl. 1996). Finally, an evaluation of a motion for reconsideration is to be "guided by the general understanding 'that, at some point, judicial proceedings must draw to a close and the matter deemed conclusively resolved.'" Northern States Power Co. v. United States, 79 Fed. Cl. 748, 749 (Fed. Cl. 2007) (quoting Withrow v. Williams, 507 U.S. 680, 698 (1993)).

## II. Discussion

In support of her Motion for Reconsideration and Clarification, petitioner argues just one of the three bases, i.e., manifest injustice. Petitioner does not argue that there has been a change in the controlling law or that any previously unavailable evidence has become available. In her Motion for Reconsideration, petitioner argues that: (1) petitioners' [sic] attorneys' sole source of fees is an award through the National Vaccine Injury Compensation Program ("Vaccine Program"); (2) the undersigned did not evaluate her motion for attorneys' fees and costs based on the totality of the circumstances; (3) petitioner's counsel had a reasonable basis to file the claim as (a) he performed a thorough investigation of the claim, (b) the facts of the case demonstrate a reasonable basis, and (c) his firm has won similar cases at hearing; and (4) petitioner's counsel and his law firm do not intentionally file meritless cases. The undersigned finds none of the above-outlined arguments persuasive.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. In her Fee Decision, the undersigned held it was not reasonable for petitioner to proceed. Redfern v. Sec'y of HHS, No. 15-1462V, 2017 WL 4638661, at *6 (Fed. Cl. Spec. Mstr. Sep. 22, 2017). Thus, petitioner does not merit reasonable

attorneys' fees and costs.  Id.  The fact that petitioner claims that her counsel's sole source of fees is an award through the Vaccine Program is irrelevant to whether or not there was a reasonable basis for petitioner to proceed.

In her Motion for Reconsideration, petitioner claims that the undersigned did not evaluate her motion for attorneys' fees and costs based on the totality of the circumstances.  While the applicable standard for a reasonable basis analysis is currently pending before the United States Court of Appeals for the Federal Circuit[2] and an evidence-based standard is generally viewed legally correct when conducting a reasonable basis analysis, the undersigned did apply a totality of the circumstances test in reaching the conclusion that petitioner did not have a reasonable basis to bring her claim and an award of attorneys' fees and costs was therefore unreasonable.  The undersigned not only considered the case records as a whole, including reviewing all medical records, but also looked at the statute of limitations.  Petitioner's counsel has a duty to do due diligence, i.e., to investigate a claim before filing it.  Rehn v. Sec'y of HHS, 126 Fed. Cl. 86, 93 (Fed. Cl. 2016).  In her Fee Decision, the undersigned explained that the statute of limitations was not a problem in petitioner's filing of her claim and her counsel had ample time to perform his due diligence:

> Petitioner did not contact her counsel on the eve of the running of the statute of limitations.  She received flu vaccine on June 30, 2014.  Even if petitioner's alleged vaccine injury began the day she received the vaccine, she had until June 30, 2017 before the statute of limitations would run on her claim.  Petitioner's attorney's billing records show petitioner had contacted counsel by February 3, 2015, over two years and four months before the running of the statute of limitations.  Fee App., Ex. A, at 1.  This should have been plenty of time for petitioner's counsel to receive and review petitioner's medical records and discover the same issues that led to the dismissal of petitioner's case.

2017 WL 4638661 at *5.

While petitioner argues that her counsel performed a thorough investigation of her claim and that the facts demonstrates a reasonable basis for her to proceed, review of petitioner's medical records would have shown petitioner's counsel that petitioner did not have a reasonable basis to bring her case.  In her Fee Decision, the undersigned made it clear that petitioner's medical records show she did not have SIRVA but osteoarthritis causing her shoulder pain.  Vaccinations do not cause osteoarthritis:

> Petitioner did not complain of pain until two and one-half months after receiving her first Twinrix dose, when she told her personal care physician Dr. Leto Quarles . . . that she was experiencing pain in joints.  However, petitioner specifically complained of pain in her elbow, not in her shoulder.  Med. recs. Ex. 8, at 59.  Dr. Quarles attributed this pain to tendinopathy caused by antibiotics.  Id.  Dr. Quarles' examination of petitioner's left upper extremity showed she had no tenderness to palpation and that she had normal shoulder, elbow, and wrist joint stability and normal range of motion, which contradicts her claim that Twinrix

---

[2] Simmons v. HHS, No. 2017-1405 (appeal docketed Dec. 23, 2016).

Case 1:15-vv-01462-UNJ   Document 45   Filed 11/13/17   Page 4 of 5

vaccine caused her to develop SIRVA.

Id.

In addition, petitioner raises a new claim that Dr. Seng's clinic notes from May 10, 2016 provide a reasonable basis for her claim. In his response, respondent argues that Dr. Seng's note is merely reiterating petitioner's view of her injury which is not Dr. Seng's independent opinion:

> Petitioner filed her petition for vaccine injury compensation on December 3, 2015. At that time, *none* of the records filed in this case supported a shoulder injury *related to* vaccination. *See* Pet. Ex. 1-8. Five months *after* petitioner filed her petition, and for the first time, Dr. Seng noted *inter alia* that "*She has a theory* about how she developed frozen shoulder . . . *She is considering that the vaccinations* that she received prior to Panama trip *may have contributed to her developing a painful frozen shoulder.* She has a skinny frame with little muscle around the shoulder. She remembers at the time that the shots and the successive shot the next month were incredibly painful." Pet. Ex. 10 at 1 (emphasis added). Dr. Seng then discussed with petitioner that there were a "multitude" of causes of frozen shoulder. Pet. Ex. 10 at 1. Based on petitioner's theory of what caused her injury, Dr. Seng commented "I think it is plausible that because of her skinny frame and decreased depth of soft tissue around the shoulder, that the needle could have been penetrated farther than intended. I do not know the needle length that was used and Betsy may try and find that out." *Id.* As petitioner's left shoulder was "well now," Dr. Seng was "happy to support her and be her advocate." *Id.* Dr. Seng's note is simply a reiteration of *petitioner's belief* that her left shoulder injury was caused by vaccination, is unsupported by Dr. Seng's previous records, and provides no more reasonable basis for the filing of this claim than the bare assertions in petitioner's affidavit, which were already considered in the Special Master's decisions.

Resp. at 4 (emphasis in original). The undersigned agrees with respondent's argument.

Moreover, petitioner's citing her counsel's 4 other cases involving SIRVA does not convert the instant case into a SIRVA case or make it reasonable to have filed it. The fact that some of petitioner's symptoms are the same as symptoms in SIRVA does not mean petitioner had SIRVA.

Finally, petitioner claims that her counsel and his law firm do not intentionally file meritless cases. By denying an award of petitioner's attorneys' fees and costs, the undersigned was not asserting that petitioner's counsel and his law firm file meritless cases. The undersigned decided the instant case, not all of petitioner's counsel's cases, on the merits of whether or not there was a reasonable basis to file a claim.

For the foregoing reasons, the undersigned **DENIES** petitioner's Motion for Reconsideration.

**IT IS SO ORDERED.**

4

Dated:  October 19, 2017                                                     /s/ Laura D. Millman  
                                                                                                                                                     Laura D. Millman  
                                                                                                                                                     Special Master